JEROME N. SEWARDS, Plaintiff, *v.* HARRY RUBIN et al., Individually and as Copartners Doing Business under the Name of RUBIN-HOCHEN AND COMPANY, Defendants.

Supreme Court, Special Term, Queens County, February 17, 1953.

*Sidney Ostro* for plaintiff.

*Charles Gottlieb* for defendants.

CUFF, J. This is an application to punish plaintiff for criminal contempt under section 750 of the Judiciary Law.

A hearing was held. The facts are: In this action, pursuant to a duly made order, plaintiff's attorney was examining defendant Rubin before trial on February 11, 1953. There were present plaintiff, defendant, their respective attorneys and the recording stenographer. The hearing was in progress in the quarters provided by the court for the purpose on the fifth floor of the Queens County Court House, Jamaica, N. Y. The examination was being conducted under the auspices of the Supreme Court of Queens County, Special Term, Part II. Neither a justice of the Supreme Court nor a referee nor a clerk thereof was in attendance at the hearing, but said Special Term, Part II, was in session on the floor below (fourth floor) during the occurrence complained of.

Under the above conditions the examination had been in progress about one hour, when plaintiff's attorney asked defend-

ant, who had been duly sworn and was testifying, a question to which defendant answered "I did not." Thereupon, it is charged, plaintiff, in a loud voice, within the hearing of all present, exclaimed "He is a god damned liar". To this the witness stated: "You have no right to call me a 'god damned liar.'" The attorney for defendant stated that such conduct could not continue and, at his suggestion, all present at the hearing appeared before me in the Special Term courtroom. The plaintiff denied the charge. The matter was adjourned by me.

On the adjourned date, February 13, 1953, defendant again moved to punish the plaintiff for criminal contempt of court. He recited again his charges of plaintiff's misconduct. The court asked plaintiff to state his plea to the charges made against him. Through his attorney he pleaded not guilty. The court announced that the hearing would proceed. Defendant and his attorney testified at the hearing in substance, as indicated in the charges. Plaintiff, in his defense, testified that he was upset by the particular answer defendant made, as well as his previous answers because they were untrue; that he commented to his attorney with respect to defendant's answer "I did not"; that he spoke in a whispered tone; that when he spoke he leaned toward his attorney who was seated immediately next to him; that what he said was not intended to be heard by anyone except his attorney; that he did not use the profane expression attributed to him; that he did use the word "liar" but preceded it by the adjective "awful" or "terrible" which, he was not sure. Plaintiff's attorney testified along the same lines as plaintiff. The stenographer, plaintiff's attorney's wife and employee, testified that she heard talk coming from plaintiff to plaintiff's attorney following the answer "I did not" but could not hear what was said. The examination hearing was being conducted at a table approximately four feet wide by fifteen feet long. The participants occupied about six feet of one end of the table. Defendant and the stenographer sat on one side of the table while plaintiff, his attorney and defendant's attorney sat on the other side, directly opposite.

I make the finding that plaintiff spoke in a loud voice at the hearing, so loud that all present heard; that he uttered the words charged; that he did so in the heat of temper; that his conduct and his utterance disturbed the hearing, interfered with its orderly progress, in fact caused its temporary discontinuance and, in all, as intended by plaintiff, impeded and

obstructed the orderly administration of justice. I find that plaintiff is guilty of criminal contempt and that the offense is aggravated by reason of the fact that plaintiff is an active practicing lawyer of years of experience. I regard plaintiff's offense as a very serious one. Reasons need not be expressed; they are obvious to all.

I regret that I am deterred in imposing punishment, which I consider should be severe, by the magnanimity of defendant and his attorney. They request that a mere fine of $25 to $50 be the penalty; they even stated that they sought no costs. This was indeed a concession, for defendant and his lawyer had to spend two hours at the hearing. Costs were all that they personally could receive to compensate them for their time and effort, since any fine imposed is payable to the City of New York.

There is not a single extenuating incident or circumstance in the premises which might generate leniency in any form for plaintiff's benefit. I will respect the request of defendant and his attorney and impose upon plaintiff a fine of $50, without costs. Such fine will be paid to the treasurer of the city of New York, by certified check, to his order as such official within twenty-four hours after service of the order hereon upon plaintiff's attorney; said treasurer will issue his receipt for such payment. Within forty-eight hours after service of such order upon plaintiff's attorney, plaintiff will cause to be served upon defendant's attorney, by personal service, the said treasurer's receipt or a photostatic copy thereof. Failure of plaintiff to comply with any of the foregoing directions will entitle defendant to a commitment order, based upon defendant's affidavit, without notice to plaintiff or his attorney, directing that plaintiff be committed to the proper prison to remain incarcerated therein until said fine is paid in full and all of the above directions are complied with, except as to the time specified.